[Cite as *In re Estate of Tullos*, 2012-Ohio-1114.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE OF: | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| WILLIAM LAWRENCE TULLOS | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| | : | |
| | : | Case No. 11CAF090084 |
| | : | |
| | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas Court, Probate Divsion, Case No. 210772-E |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT: | March 16, 2012 |

APPEARANCES:

| | |
|---|---|
| For Appellants | For Estate |
| ARNOLD L. JACK<br>572 East Rich Street<br>Columbus, OH  43215 | AARON R. FALVO<br>261 West Johnstown Road<br>Columbus, OH  43230 |
| Administrator | For American Postal Workers' Union |
| J. MICHAEL EVANS<br>261 West Johnstown Road<br>Columbus, OH  43230 | JAY E. MICHAEL<br>729 South Front Street<br>Columbus, OH  43206 |

*Farmer, J.*

{¶1} On July 10, 2010, William Lawrence Tullos died. On December 30, 2010, appellee, J. Michael Evans, filed an application for authority to administer the estate pursuant to a creditor's claim (American Postal Workers' Union). The surviving spouse and next of kin were not listed or notified. On January 3, 2011, the trial court granted the application.

{¶2} On March 3, 2011, Mr. Tullos's wife and son, Shirley and William Tullos, appellants herein, filed a motion to set aside the appointment of appellee as administrator. By judgment entry filed August 24, 2011, the trial court denied the motion.

{¶3} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE PROBATE COURT ERRED AS A MATTER OF LAW BY OVERRULING APPELLANTS' MOTION TO SET ASIDE THE APPOINTMENT OF THE ADMINISTRATOR WHEN APPELLANTS HAD NO NOTICE AND NO OPPORTUNITY TO BE HEARD BEFORE THE COURT APPOINTED THE ADMINISTRATOR."

I

{¶5} Appellants claim the trial court erred in denying their request to set aside the appointment of the administrator. Specifically, appellants claim appellee's failure to list the "names of the surviving spouse and all the next of kin of the deceased" pursuant to R.C. 2113.07 invalidated the trial court's appointment of the administrator. We agree.

{¶6}    Appellee filed an application for authority to administer the estate under R.C. 2109.02 and 2109.07, but failed to list the surviving spouse and next of kin. Contemporaneously with this filing was a separate form (Form 1.0) listing the "surviving spouse and next of kin."

{¶7}    Without notice to the surviving spouse and next of kin, and without a waiver of notice, the trial court proceeded to appoint appellee as administrator on January 3, 2011.  Appellants filed their motion to set aside the appointment on March 3, 2011, claiming the appointment was void and the matter should be dismissed.

{¶8}    It is undisputed that R.C. 2113.07 governs the matter in this case and it requires either waiver or notice by the probate court for the "purpose of ascertaining whether they desire to take or renounce administration":

{¶9}    "Before being appointed executor or administrator, every person shall make and file an application that shall contain the names of the surviving spouse and all the next of kin of the deceased known to the applicant, their addresses of usual residence if known, a statement in general terms of what the estate consists and its probable value, and a statement of any indebtedness the deceased had against the applicant.

{¶10}    "The application may be accompanied by a waiver signed by the persons who have priority to administer the estate, and, in the absence of a waiver, those persons shall be served notice for the purpose of ascertaining whether they desire to take or renounce administration.  Minors who would have been entitled to priority to administer the estate except for their minority also shall be served notice pursuant to the Rules of Civil Procedure.

**{¶11}** "Letters of administration shall not be issued upon the estate of an intestate until the person to be appointed has made and filed a statement indicating that the person has no knowledge of a will of the intestate."

**{¶12}** R.C. 2113.06 provides the following:

**{¶13}** "(A) Administration of the estate of an intestate shall be granted to persons mentioned in this division, in the following order:

**{¶14}** "(1) To the surviving spouse of the deceased, if resident of the state;

**{¶15}** "(2) To one of the next of kin of the deceased, resident of the state.

**{¶16}** "(B) If the persons entitled to administer the estate under division (A) of this section fail to take or renounce administration voluntarily, the matter shall be set for hearing and notice given to the persons.

**{¶17}** "(C) If there are no persons entitled to administration, if they are for any reason unsuitable for the discharge of the trust, or if without sufficient cause they neglect to apply within a reasonable time for the administration of the estate, their right to priority shall be lost, and the court shall commit the administration to some suitable person who is a resident of the state, or to the attorney general or the attorney general's designee, if the department of job and family services is seeking to recover medical assistance from the deceased pursuant to section 5111.11 or 5111.111 of the Revised Code. The person granted administration may be a creditor of the estate."

**{¶18}** Because appellants were not given notice as required by statute, the appointment of the administrator was premature. Therefore, this court remands the matter to the trial court for the fulfillment of the mandates of R.C. 2113.06 and 2113.07.

{¶19} For clarification, because appellants argued the trial court lacked jurisdiction, we find that under Civ.R. 7(A) and 73(A), the filing of the application for authority to administer the estate was not void because the commencement of the action began with the December 30, 2010 filing and did not divest the trial court of jurisdiction to determine the appointment of the administrator.

{¶20}  The sole assignment of error is granted.

{¶21}  The judgment of the Court of Common Pleas of Delaware County, Ohio, Probate Court is hereby reversed, and the matter is remanded to said court for notice to the surviving spouse and next of kin and for determination under R.C. 2113.06 and 2113.07.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


 s/ William B. Hoffman_____

                                        JUDGES


SGF/sg 307

[Cite as *In re Estate of Tullos*, 2012-Ohio-1114.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT


IN THE MATTER OF THE ESTATE OF:     :
                                    :
WILLIAM LAWRENCE TULLOS             :          JUDGMENT ENTRY
                                    :
                                    :
                                    :
                                    :          CASE NO. 11CAF090084


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, Probate Division is reversed, and the matter is remanded to said court for notice to the surviving spouse and next of kin and for determination under R.C. 2113.06 and 2113.07. Costs to appellee.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


_s/ William B. Hoffman_____

JUDGES